# GRAFTON,

## LITTLE *vs.* INGALLS.

The indorser of a negotiable note cannot maintain an action upon it against the maker, so long as the indorsee has the right to demand payment of the maker. If the indorsee have obtained judgment against the indorser, and collected part of it, that will not entitle the indorser to maintain an action upon the note against the maker:

ASSUMPSIT, upon a promissory note, dated September 12, 1835, payable to the plaintiff, or order, in two years from date, with interest.

It appeared that before its maturity the note was sold and indorsed to Isaac Smith, of Portland, in the state of Maine, and that it was duly protested for non-payment, and an action thereupon commenced, by Smith against the plaintiff, as indorser of the note, and a judgment rendered in his favor, November term, 1840, for the full amount of the note and interest. An execution issued, which has been satisfied in part only.

This suit was instituted without the knowledge or procurement of Smith, neither has it been recognized or adopted by him; but the plaintiff offered the benefit of it to him, if he would adopt it.

It also appeared, by the officer's return on the writ, that a large amount of property was attached.

*Bellows,* for the defendant. It does not appear that the suit was brought with the consent of Smith. The defendant is still liable to him. 7 *Greenl. R.* 28, *Fisher* vs. *Bradford;* 1 *M. & P. Dig.* 21, 47. By an indorsement in full,

all the legal interest is transferred to the indorsee, who alone can maintain an action on the note.

In some cases, possession of the paper is held to be *prima facie* evidence that the holder has paid; but the cases do not agree in this. *M. & P. Dig.* 428, 429; 3 *Wheat. R.* 172, *Dugan* vs. *The United States*; 1 *Sumner's R.* 480, *Piquet* vs. *Curtis*; 2 *Stark. Ev.* 275; *Peake's Cases* 24, *Scholey* vs. *Walsby*; 1 *Lord Raym.* 742, *Mendez* vs. *Carreroon.* But here there is no possession by the plaintiff.

*C. Ainsworth,* for the plaintiff. After a note is indorsed, it may be sued in the name of the indorsee, or of the payee. 2 *Mass. R.* 172, *Gilmore* vs. *Carr*; 16 *Mass.* 451, *Mosher* vs. *Allen.*

The case finds that the plaintiff has offered Smith the benefit of the suit. He cannot complain, therefore, that it is wrongfully instituted. And the defendant cannot complain, for if a judgment in this suit be rendered against him, he cannot be compelled to pay another judgment.

An intermediate indorser may sue a prior indorser, without showing actual payment by him to any subsequent indorsee. 6 *Cowen* 449, *Norris* vs. *Badger.* And see 17 *Mass. Rep.* 615, *Guild* vs. *Eager*; 1 *Cowen* 387, *Havens* vs. *Huntington.*

The plaintiff here is not bound to have possession of the note, in order to maintain the action, as that is part of the public records.

PARKER, C. J. Upon the case before us, we are of opinion that this action cannot be maintained.

When the plaintiff indorsed the note to Smith, the property and interest in it were transferred to him. Upon the non-payment by the defendant, and notice to the plaintiff, Smith had a several right of action against both. His prosecution of a suit, and the rendition of a judgment against the plaintiff as indorser, even if it had been rendered before

the present suit was commenced, could not have operated as a re-transfer of the note to the plaintiff. Smith had still a right to prosecute a suit against the defendant, upon the note, declaring as indorsee. Nor can the part payment by the plaintiff alter the case. Smith is still entitled to sustain a suit against the defendant, on the note, in order to obtain the balance. But the maker cannot be liable to the indorser and to the indorsee in separate actions, on the same note, at the same time. In order to sustain this action, we must hold that the interest in the note had revested in the plaintiff before the suit was commenced. *See* 11 *Wend. R.* 27, *Waggoner* vs. *Colvin.* But this we cannot do.

Upon payment of the judgment against him, the plaintiff may have the right to commence an action on the note, upon the ground that such payment revests the property of it.

Whether he could maintain an action for money paid, against the defendant, to recover the amount collected of him, until payment of the whole money, or even afterwards, need not be determined at this time.

*Plaintiff nonsuit.*